

**IT IS ORDERED as set forth below:**

**Date: September 30, 2020**

_____

**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>**GEORGIA CENTRAL UNIVERSITY INC.,**<br><br>Debtor. | CHAPTER 11<br><br>CASE NO. 20-67718-bem |

**ORDER CONFIRMING PLAN**

The above-captioned bankruptcy case came before the Court for hearing on September 24, 2020, at 10:00 a.m. (the "Confirmation Hearing") to consider confirmation of the Plan.

On July 31, 2020, Georgia Central University Inc. ("Debtor") filed its "Plan of Reorganization" (Doc. No. 32) (the "Plan of Reorganization"). The Plan of Reorganization was amended on September 22, 2020 pursuant to the "Amended to Plan of Reorganization" (Doc. No. 69). The Plan of Reorganization was again amended on September 24, 2020 pursuant to the

"Amended and Restated Plan of Reorganization" (Doc. No. 72). (The Plan of Reorganization as amended is referred to herein as the "Plan").

On August 18, 2020, the Court entered an "Order and Notice of Assignment of Hearing on Confirmation of Plan" (Doc. No. 49) ("Solicitation Order").

At the Confirmation Hearing, Cameron M. McCord and Aaron Anglin appeared on behalf of Debtor. Paul Kim and Joy Song were present on behalf of the Debtor. Todd E. Hennings appeared as the Subchapter V Trustee. David S. Weidenbaum appeared on behalf of the United States Trustee. Nicholas J. Pieschel appeared on behalf of Bank of Hope ("BOH"). Andres H. Sandoval appeared on behalf of the United States Internal Revenue Service (the "IRS"). Charlie and Aimee So appeared on their own behalf. No party appeared in opposition to the Plan.

Prior to the Objection Deadline (as established by the Solicitation Order), BOH and the IRS filed objections to the Plan. Debtor's counsel announced at the Confirmation Hearing that the objections of both BOH and the IRS were resolved by the Plan, and counsel for BOH and the IRS confirmed such resolution. No other objections were raised at the Confirmation Hearing.

The Court has taken judicial notice of the entire record in this case including all proofs of claim.

The Court has considered the entire record at the Confirmation Hearing including but not limited to the Plan, Ballot Report, argument of counsel and the evidence proffered at the Confirmation Hearing. Accordingly, the Court has determined:

(a) The Debtor timely and properly: (i) filed the Plan (ii) solicited the Plan; and (iii) provided due notice of the Confirmation Hearing to Holders of Claims against Debtor and parties in interest, all in compliance with the Bankruptcy Code, Local Rules, and the Solicitation Order;

(b) The Debtor filed the Ballot Certification and Summary of the Voting on Debtor's Plan ("Ballot Report") (Doc. No. 70) describing the results of voting with respect to the Plan;

(c) The notice provided regarding the Confirmation Hearing and opportunity for any party in interest to object to confirmation of the Plan have been adequate and appropriate and no further notice was required;

(f) The legal and factual bases set forth at the Confirmation Hearing and in the entire record in this Case establish just cause for the relief granted at the Confirmation Hearing.

(g) After due deliberation and good and sufficient cause appearing therefor, and based upon the Court's acceptance of the unopposed evidentiary proffer of testimony and evidence made at the Confirmation Hearing, and further based upon the entire record in this case, the Plan should be confirmed, and further based upon the following determinations by the Court:

1. The Court has jurisdiction over this Chapter 11 Case and confirmation of the Plan pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (L), and (O). The Court has jurisdiction to enter a Final Order with respect thereto. Debtor is eligible to be a debtor under § 109 of the Bankruptcy Code and eligible to proceed under Subchapter V of Title 11 under §§ 101(51D) and 1182. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Following entry of the Solicitation Order, in compliance with the Bankruptcy Code and the Bankruptcy Rules, as evidenced by Certificate of Service (Doc. No. 50), Debtor effectuated filing and service on all Creditors, Holders of Claims, and parties in interest of the Solicitation Order containing notice of the Confirmation Hearing and relevant deadlines and a ballot for voting on the Plan (collectively the "Solicitation Materials").

3

3. As described in the Solicitation Order and Certificate of Service: (a) service of the Solicitation Materials was adequate and sufficient under the circumstances; and (b) adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings, and matters described in the Solicitation Order: (i) was timely and properly provided; and (ii) provided due process and opportunity to appear and be heard to all parties in interest.  Because the foregoing transmittals, notice, and service were adequate and sufficient, no other or further notice is necessary or shall be required.

4. Debtor and Debtor's respective agents, representatives, attorneys, and advisors have solicited votes on the Plan in good faith and in compliance with applicable provisions of the Bankruptcy Code and are entitled to the protections afforded by § 1125(e) of the Bankruptcy Code.

5. Debtor, as proponent of the Plan, has met its burden of proving the elements of section 1191(a) and (b) of the Bankruptcy Code and established, upon the unopposed proffer of evidence and the Court's judicial notice of all pleadings filed in this case (including proofs of claim), that Debtor's Plan does not discriminate unfairly and is fair and equitable with respect to each class of claims or interest that is impaired under, and has not accepted, the plan, satisfying the requirements of § 1191(a) and (b) of the Bankruptcy Code.

6. As evidenced by the Ballot Report and submissions at the Confirmation Hearing, all impaired classes of claims, determined without including any acceptance by an insider of Debtor, voted to accept the Plan.  Specifically, the following classes voted to accept the Plan: the Secured NOA Bank n/k/a PromiseOne Bank (Class 5), and the Secured Claim of Charlie C. and Aimee H. So (Class 6).

7. The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including without limitation the treatment of priority claims and secured

claims.

Accordingly, it is hereby

**ORDERED** that the foregoing determinations including those enumerated in Paragraphs 1 through 7 above are hereby incorporated into this Confirmation Order as if fully set forth herein. It is further

**ORDERED** that the Plan is *confirmed* pursuant to 11 U.S.C. § 1191(a) and (b). All provisions of the Plan shall bind Debtor, entities receiving property under the Plan, and creditors whether or not the claims of such creditors are impaired under the Plan and whether or not such creditors have accepted the Plan. It is further

**ORDERED** that, notwithstanding anything in the Plan or in this Confirmation Order, governmental units, as defined in 11 U.S.C. § 101(27), shall have 180 days from the date this case was filed (July 1, 2020) to file a proof of claim as set forth in the Notice of Chapter 11 Bankruptcy Case issued in this case (Doc. No. 7). It is further

**ORDERED** that Todd E. Hennings shall be discharged from his obligations and duties as the Subchapter V Trustee in this case pursuant to Section 5.2 of the Plan upon the filing by the Debtor of a notice of substantial consummation of the Plan as required under § 1183(c)(2). It is further

**ORDERED** that all persons are permanently enjoined from commencing or continuing any action, employing any process, or acting to collect, offset, or recover any claim or cause of action that such person may have had at the date of the filing of Debtor's Chapter 11 petition against Debtor or its property except as provided for in the Plan. It is further

**ORDERED** that pursuant to section 1141(d) of the Bankruptcy Code, except as otherwise specifically provided in this Confirmation Order, the distributions and rights that are provided in

5

the Plan shall be in complete satisfaction, and release of: (1) all claims and causes of action, whether known or unknown, (2) liabilities of, (3) Liens on, (4) obligations of, or (5) rights against Debtor or its estate that arose prior to the entry of this Confirmation Order. Debtor does not have a right to a discharge until all the plan payments have been made unless otherwise ordered by the Court pursuant to Bankruptcy Code § 1192.  However, Debtor has not waived its right to seek entry of a discharge order before completion of all plan payments. It is further

      **ORDERED** that the Court's authorization to employ Jones Lang Lasalle Brokerage, Inc. ("Broker") as Debtor's broker through the Confirmation Hearing as granted in the Order Authorizing Debtor to Employ Real Estate Broker (Doc. No. 58) is hereby extended through and including the sale of the Debtor's real property pursuant to the Plan.

**[End of Order]**

**Prepared and Presented By:**
**JONES & WALDEN LLC**

*/s/ Aaron Anglin*
Aaron Anglin
Georgia Bar No. 585863
Cameron M. McCord
Georgia Bar No. 143065
Counsel for Debtor
699 Piedmont Ave NE
Atlanta, Georgia 30308
(404) 564-9300
aanglin@joneswalden.com
cmccord@joneswalden.com

**Consented To By:**

*/s/ Todd E. Hennings (with express permission AA)*
Todd E. Hennings
Georgia Bar No. 347302
5500 Interstate Parkway North, Suite 435
Sandy Springs, GA 3032
THennings@maceywilensky.com
*Subchapter V Trustee*

**Consented To By:**

**MOORMAN PIESCHEL, LLC**

*/s/ Nicholas J. Pieschel (with express permission AA)*
Nicholas J. Pieschel
Georgia Bar No. 579660
One Midtown Plaza
1360 Peachtree Street, N.E.
Suite 1205
Atlanta, Georgia 30309
njp@moormanpieschel.com
*Counsel for Bank of Hope*

**No Opposition By:**

NANCY J. GARGULA,
UNITED STATES TRUSTEE REGION 21

*/s/ David S. Weidenbaum (with express permission AA)*
David S. Weidenbaum
Georgia Bar No. 745892
Office of the United States Trustee
362 Richard B. Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303
david.s.weidenbaum@usdoj.gov

7

**No Opposition By:**

BYUNG J. PAK
UNITED STATES ATTORNEY

*/s/ Andres H. Sandoval (with express permission AA)*
Andres H. Sandoval
Assistant U.S. Attorney
Georgia Bar No. 643257
United States Attorney's Office
75 Ted Turner Drive SW, Suite 600
Atlanta, Georgia 30303
E-mail: andres.sandoval@usdoj.gov
*Counsel for the United States of America*


**Distribution List**

Cameron M. McCord, Jones & Walden LLC, 699 Piedmont Ave NE, Atlanta, Georgia 30308

Todd E. Hennings, Subchapter 5 Trustee, 5500 Interstate Parkway North, Suite 435, Sandy Springs, GA 30328

Nicholas J. Pieschel, Moorman Pieschel, LLC, One Midtown Plaza, 1360 Peachtree Street, N.E., Suite 1205, Atlanta, Georgia 30309

David S. Weidenbaum, Office of the United States Trustee, 362 Richard B. Russell Building, 75 Ted Turner Drive, SW, Atlanta, GA 30303

Andres H. Sandoval, United States Attorney's Office, 75 Ted Turner Drive SW, Suite 600, Atlanta, Georgia 30303

Georgia Central University Inc., 6789 Peachtree Industrial Blvd., Atlanta, Georgia 30360